Nicholas Neidzwski, OSB No. 172584
BOATLAW, LLP
23 Bellwether Way, Suite 101
Bellingham, Washington 98225
Telephone: (360) 671-6711
Fax: (360) 647-2943
Email: nick@boatlaw.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **ABEL ORTEGA**, a seaman,<br><br>Plaintiff,<br><br>v.<br><br>**BAY ISLANDER FISHERIES, INC.,**<br><br>Defendant. | **Case No.** ___________________<br><br>**SEAMAN'S COMPLAINT FOR PERSONAL INJURIES**<br><br>**(Negligence, Unseaworthiness, Maintenance, Cure, and Unearned Wages)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Abel Ortega ("Plaintiff" or "Mr. Ortega"), by and through the undersigned counsel, alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff is a seaman and brings this action pursuant to the provisions of 28 U.S.C. §1916 without prepayment of fees and costs and without deposit of security therefor.

2. This action is brought under the admiralty and maritime law as modified by the Jones Act, 46 U.S.C. § 30104. This District Court has jurisdiction pursuant to 46 U.S.C. §30104 and 28 U.S.C. §1333.

3. Plaintiff is a resident of Oregon.

4. Defendant Bay Islander Fisheries, Inc. ("Defendant"), was and is an Oregon corporation doing business in Oregon with its principal place of business located at 1030 NE Old River Road, Siletz, Lincoln County, Oregon.

5. At all times material hereto, Defendant owned the F/V BAY ISLANDER, Official No. 5621200 ("Vessel" or "BAY ISLANDER"). The BAY ISLANDER was and is an American flag fishing vessel operating upon the navigable waters of the United States and high seas from its homeport in Newport, Oregon.

6. At all times material hereto, Defendant manned, operated, maintained and controlled the BAY ISLANDER.

7. At all times material hereto, Defendant employed Plaintiff as a Jones Act seaman in the service of the BAY ISLANDER.

8. At all times material hereto, Plaintiff worked as Engineer aboard the BAY ISLANDER. Many of Plaintiff's duties as Engineer required him to work in the Vessel's loud engine room on his knees.

9. During Plaintiff's employment, Defendant manned the Vessel with one captain and two deckhands. One deckhand served as Cook and the other served as the Engineer. Captain Keith Cochran, one of the two rotating captains, was the son of defendant Bay Island Fisheries' principal, Kurt Cochran.



**BOATLAW, LLP**
23 Bellwether Way, Suite 101
Bellingham, WA 98225
360.671.6711 - Fax 360.647.2943

10. Plaintiff was supposed to work a one-month-on and one-month-off rotation while in Defendant's employ. Defendant often had Plaintiff stay aboard beyond his one-month "on" when Defendant was training a greenhorn deckhand at sea, which was often the case. Captain Keith Cochran would promise to pay Plaintiff an extra percentage of the catch proceeds if Plaintiff stayed longer than his scheduled rotation, but infrequently fulfilled his promise.

11. During Plaintiff's service to the Vessel, Defendant had an unwritten policy and practice of suppressing crewmember maintenance and cure claims. Whenever a crewmember dared report an injury, Captain Keith Cochran would respond that the crewmember could either work with injury or the Vessel would have to return to shore and tie up at the dock. Consequently, the Vessel could not engage in fishing operations and the injured crewmember would be blamed for the captain, crew and their families failing to earn money by catching fish. Further, Captain Keith Cochran would call the vessel's future into question when crew members tried to report injuries, exclaiming "we can't afford another injury claim; if you put in a claim, we'll have to tie up the boat and no one will make money." As a result of Defendant's practice, crewmembers, including Plaintiff, were coerced and compelled to work injured or quit their job and lose roughly $150,000 in average annual earnings. In the rare event a crewmember actually obtained medical treatment for his shipboard injury, Defendant would require that the crewmember obtain a fit-for-duty slip from the doctor before returning to work in order to cut off any further cure obligation.



**BOATLAW, LLP**
23 Bellwether Way, Suite 101
Bellingham, WA 98225
360.671.6711 - Fax 360.647.2943

12. Defendant's willful and wanton disregard of the safety and wellbeing of BAY ISLANDER's crew—and its maintenance and cure obligation—caused numerous crewmembers to be hired and constructively fired each year because of the "get injured, get fired" work environment on the BAY ISLANDER. As a consequence of the high turnover rate, Plaintiff was routinely required to perform the greenhorn-in-training's duties on deck in addition to his own, causing substantial stress on his musculoskeletal system, including his back, knees and shoulders. At times, Capt. Keith Cochran would also operate the vessel undermanned, with Plaintiff working as the only deckhand.

13. Pursuant to Defendant's "get injured, get fired" policy and practice, Defendant terminated Plaintiff's employment when he injured his knee and sought medical treatment for it in November 2020.

**FIRST CLAIM:**
**JONES ACT NEGLIGENCE – KNEE INJURY OF NOVEMBER 1, 2020**

14. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 13 set forth above.

15. Plaintiff alleges upon information and belief, that on or about November 1, 2020, while Plaintiff was engaged in the course of his duties in service of the BAY ISLANDER, Defendant was negligent, as were the officers, agents, employees and all persons acting on its behalf, among other things, in:

a. Causing, allowing, and permitting the said Vessel and her appurtenances to be operated in such a manner and at such a pace as to unreasonably endanger Plaintiff's safety;

b. Causing, allowing, and permitting the Vessel and her appurtenances to be in a dangerous, defective and hazardous condition;



**BOATLAW, LLP**
23 Bellwether Way, Suite 101
Bellingham, WA 98225
360.671.6711 - Fax 360.647.2943

c. Failing to warn Plaintiff of the risk of impending dangers;

d. Failing to provide a seaworthy vessel and a safe method of operation;

e. Failing to provide Plaintiff with a safe place in which to work;

f. Failing to promulgate and enforce proper and safe rules of seamanship in the supervision and conduct of the work;

g. Failing to furnish timely medical treatment;

h. Failing to provide sufficient and competent officers and co-employees;

i. Failing to supply proper gear and equipment, and to inspect and maintain the same in proper order; and

j. Engaging in other acts and omissions to be discovered.

The effect of the foregoing negligent acts and omissions was to cause Plaintiff to suffer personal injuries, *inter alia*, to his left knee and ankle when a fellow deckhand jumped up to grab the ring at the end of the third wire, and landed on the back of Plaintiff's left leg while he was kneeling on deck to remove the suitcase from the net.

16. As a result of said conduct, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his left knee and ankle, all of which said injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering and emotional distress, and said injuries have resulted in permanent disability to Plaintiff, all to his general damage in an amount in excess of $1,000,000. Plaintiff prays for leave to amend at trial to conform to the proof.



**BOATLAW, LLP**
23 Bellwether Way, Suite 101
Bellingham, WA 98225
360.671.6711 - Fax 360.647.2943

17. As a further result of said conduct, Plaintiff was required to and did employ physicians and other health care providers for medical examination, care and treatment of said injuries, and Plaintiff alleges that he will require such services in the future. The cost and reasonable value of the health care services received and to be received by Plaintiff is in excess of $150,000. Plaintiff prays for leave to amend at trial to conform to the proof.

18. As a further result of said conduct, Plaintiff has suffered and will continue in the future to suffer loss of income in an amount in excess of $3,000,000. Plaintiff prays for leave to amend at trial to conform to the proof.

## SECOND CLAIM: UNSEAWORTHINESS – KNEE INJURY OF NOVEMBER 1, 2020

19. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 18 set forth above.

20. Plaintiff alleges upon information and belief, that on or about November 1, 2020, while Plaintiff was engaged in the course of his duties in service of the BAY ISLANDER, the Vessel was unseaworthy in that, among other things:

a. The Vessel and her appurtenances were being operated in such a manner and at such a pace as to unreasonably endanger Plaintiff's safety;

b. The Vessel and her appurtenances were in a dangerous, defective and hazardous condition;

c. The place where Plaintiff was required to work was unsafe;

d. Sufficient and competent officers and co-employees were lacking;

e. Sufficient gear and equipment in proper working order were lacking;



BOATLAW, LLP
23 Bellwether Way, Suite 101
Bellingham, WA 98225
360.671.6711 - Fax 360.647.2943

f. Work in progress was being conducted by unsafe methods without sufficient and properly trained personnel and without adequate supervision;

g. And other unseaworthy conditions to be discovered.

The effect of the foregoing defects and conditions rendered the Vessel so unseaworthy as to cause plaintiff to suffer personal injuries, *inter alia*, to his left knee and ankle when a fellow deckhand jumped up to grab the ring at the end of the third wire, and landed on the back of Plaintiff's left leg while he was kneeling on deck to remove the suitcase from the net.

**THIRD CLAIM:**
**JONES ACT NEGLIGENCE – BACK INJURY OF APRIL 2020**

21. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 13 set forth above.

22. Plaintiff alleges upon information and belief, that in April, 2020, while Plaintiff was engaged in the course of his duties in service of the BAY ISLANDER, Defendant was negligent, as were the officers, agents, employees and all persons acting on its behalf, among other things, in:

a. Causing, allowing, and permitting the said Vessel and her appurtenances to be operated in such a manner and at such a pace as to unreasonably endanger Plaintiff's safety;

b. Causing, allowing, and permitting the Vessel and her appurtenances to be in a dangerous, defective and hazardous condition;

c. Failing to warn Plaintiff of the risk of impending dangers;

d. Failing to warn Plaintiff of the risk of harm from working with injuries;



**BOATLAW, LLP**
23 Bellwether Way, Suite 101
Bellingham, WA 98225
360.671.6711 - Fax 360.647.2943

e. Failing to provide a seaworthy vessel and a safe method of operation;

f. Failing to provide Plaintiff with a safe place in which to work;

g. Failing to promulgate and enforce proper and safe rules of seamanship in the supervision and conduct of the work;

h. Failing to furnish timely medical treatment;

i. Failing to provide sufficient and competent officers and co-employees;

j. Failing to supply proper gear and equipment, and to inspect and maintain the same in proper order; and

k. Engaging in other acts and omissions to be discovered.

The effect of the foregoing negligent acts and omissions was to cause Plaintiff to suffer personal injuries to, *inter alia*, Plaintiff's lumbar spine when he was pulling on heavy floats while installing the suitcase into the net from a precarious position at the aft starboard rail.

23. As a result of said conduct, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his lower back, all of which said injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering and emotional distress, and said injuries have resulted in permanent disability to Plaintiff, all to his general damage in an amount in excess of $2,000,000. Plaintiff prays for leave to amend at trial to conform to the proof.

24. As a further result of said conduct, Plaintiff was required to and did employ physicians and other health care providers for medical examination, care and treatment of



**BOATLAW, LLP**
23 Bellwether Way, Suite 101
Bellingham, WA 98225
360.671.6711 - Fax 360.647.2943

said injuries, and Plaintiff alleges that he will require such services in the future. The cost and reasonable value of the health care services received and to be received by Plaintiff is in excess of $250,000. Plaintiff prays for leave to amend at trial to conform to the proof.

25. As a further result of said conduct, Plaintiff has suffered and will continue in the future to suffer loss of income in an amount in excess of $3,000,000. Plaintiff prays for leave to amend at trial to conform to the proof.

## FOURTH CLAIM:
## UNSEAWORTHINESS – BACK INJURY OF APRIL 2020

26. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 13 and paragraphs 22 through 25 set forth above.

27. Plaintiff alleges upon information and belief, that in April, 2020, while Plaintiff was engaged in the course of his duties in service of the BAY ISLANDER, the Vessel was unseaworthy in that, among other things:

a. The Vessel and her appurtenances were being operated in such a manner in unduly rough seas and at such a pace as to unreasonably endanger Plaintiff's safety;

b. The Vessel and her appurtenances were in a dangerous, defective and hazardous condition;

c. The place where Plaintiff was required to work was unsafe;

d. Sufficient and competent officers and co-employees were lacking;

e. Sufficient gear and equipment in proper working order were lacking;

f. Work in progress was being conducted by unsafe methods without sufficient and properly trained personnel and without adequate supervision;



BOATLAW, LLP
23 Bellwether Way, Suite 101
Bellingham, WA 98225
360.671.6711 - Fax 360.647.2943

g. And other unseaworthy conditions to be discovered.

The effect of the foregoing defects and conditions rendered the Vessel so unseaworthy as to cause Plaintiff to suffer personal injuries to, *inter alia*, Plaintiff's lower back when he was pulling on heavy floats while installing the suitcase into the net from a precarious position at the starboard aft rail.

**FIFTH CLAIM:**
**JONES ACT NEGLIGENCE – CUMULATIVE TRAUMA TO**
**UPPER EXTREMITIES CONTINUING THROUGH SUMMER 2020**

28. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 13 set forth above.

29. During fishing trips on the high seas and navigable waters of the United States up to and including the summer of 2020, while Plaintiff was engaged in the course of his duties in service of the BAY ISLANDER, Defendant was negligent, as were the officers, agents, employees and all persons acting on its behalf, among other things, in:

a. Causing, allowing, and permitting the said Vessel and her appurtenances to be operated in such a manner and at such a pace as to unreasonably endanger Plaintiff's safety;

b. Causing, allowing, and permitting the Vessel and her appurtenances, including the two main wire winches, to be in a dangerous, defective and hazardous condition;

c. Failing to warn Plaintiff of the risk of harm from working with injuries;

d. Failing to provide a seaworthy vessel and a safe method of operation, which included, but was not limited to, requiring Plaintiff to manually guide the Spectra main wire onto the two main winches during haul backs;



BOATLAW, LLP
23 Bellwether Way, Suite 101
Bellingham, WA 98225
360.671.6711 - Fax 360.647.2943

e. Failing to provide Plaintiff with a safe place in which to work;

f. Failing to promulgate and enforce proper and safe rules of seamanship in the supervision and conduct of the work;

g. Failing to furnish timely medical treatment;

h. Failing to provide crew with adequate time to rest and recover from unreasonably rigorous work schedules;

i. Failing to provide sufficient and competent officers and co-employees;

j. Failing to supply proper gear and equipment, and to inspect and maintain the same in proper order; and

k. Engaging in other acts and omissions to be discovered.

The effect of the foregoing negligent acts and omissions was to cause Plaintiff to sustain personal injuries, *inter alia*, to his shoulders, wrists and hands, while manually wrapping the main wires onto the main winches, and bridles and sweeps onto the forward net reel, during haulbacks.

30. As a result of said conduct, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his upper extremities, all of which said injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering, and said injuries have resulted in permanent disability to Plaintiff, all to his general damage in an amount in excess of $1,000,000. Plaintiff prays for leave to amend at trial to conform to the proof.

31. As a further result of said conduct, Plaintiff was required to and did employ physicians and other health care providers for medical examination, care and treatment of



**BOATLAW, LLP**
23 Bellwether Way, Suite 101
Bellingham, WA 98225
360.671.6711 - Fax 360.647.2943

said injuries, and Plaintiff alleges that he will require such services in the future. The cost and reasonable value of the health care services received and to be received by Plaintiff is in excess of $100,000. Plaintiff prays for leave to amend at trial to conform to the proof.

32. As a further result of said conduct, Plaintiff has suffered and will continue in the future to suffer loss of income in an amount in excess of $3,000,000. Plaintiff prays for leave to amend at trial to conform to the proof.

**SIXTH CLAIM:**
**UNSEAWORTHINESS – CUMULATIVE TRAUMA TO**
**UPPER EXTREMITIES CONTINUING THROUGH SUMMER 2020**

33. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 13 and paragraphs 29 through 32 set forth above.

34. During fishing trips on the high seas and navigable waters of the United States up to and including the summer of 2020, while Plaintiff was engaged in the course of his duties in the service of the BAY ISLANDER, the Vessel was unseaworthy in that, among other things:

a. The Vessel and her appurtenances were being operated in such a manner and at such a pace as to unreasonably endanger Plaintiff's safety;

b. The Vessel and her appurtenances were in a dangerous, defective and hazardous condition;

c. The place where Plaintiff was required to work was unsafe;

d. Sufficient and competent officers and co-employees were lacking to meet the rigorous demands of the required work schedule;



BOATLAW, LLP
23 Bellwether Way, Suite 101
Bellingham, WA 98225
360.671.6711 - Fax 360.647.2943

e. Sufficient gear and equipment, including the main wire winches, in proper working order were lacking;

f. Work in progress was being conducted by unsafe methods without sufficient and properly trained personnel and without adequate supervision;

g. And other unseaworthy conditions to be discovered.

The foregoing defects and unsafe work practices rendered the Vessel so unseaworthy as to cause Plaintiff to sustain personal injuries, *inter alia*, to his shoulders, wrists and hands, while manually wrapping the main wires onto the main winches, and bridles and sweeps onto the forward net reel, during haulbacks.

**SEVENTH CLAIM:**
**MAINTENANCE, CURE AND UNEARNED WAGES**

35. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 34 set forth above.

36. Plaintiff suffered hearing loss and injury to both knees as a result of performing many of his duties as Engineer in the Vessel's loud engine room, often on his knees.

37. Upon Plaintiff's notice to Capt. Keith Cochran of the aforementioned injuries, it became the duty of Defendant to remove Plaintiff from his work and to ensure he received prompt medical treatment. Defendant willfully and wantonly disregarded its obligation by coercing Plaintiff to work with injury.

38. Upon Plaintiff's becoming injured and disabled as aforesaid, it became the duty of Defendant to pay to Plaintiff the expenses of his maintenance and cure, as well as his wages to the end of the contemplated period of employment, but Defendant



**BOATLAW, LLP**
23 Bellwether Way, Suite 101
Bellingham, WA 98225
360.671.6711 - Fax 360.647.2943

unreasonably neglected to make full payment thereof, despite knowledge of Plaintiff's continuing disability.

39. Plaintiff is entitled to maintenance and cure on a continuing basis until such time as he reaches maximum medical cure. Plaintiff's shipboard injuries required, and in the future will require, medical care.

40. By reason of the premises, Plaintiff has been damaged in sums according to proof for past and future maintenance, cure and unearned wages, the precise amounts of which are presently unascertained, and Plaintiff prays leave to insert the elements of damages in this respect when the same are finally determined.

41. By reason of Defendant's unreasonable, callous neglect of its Plaintiff's rights to maintenance, cure and unearned wages, Plaintiff was forced to engage the services of counsel and has incurred and will continue to incur attorneys' fees and expenses for which Plaintiff is entitled to recover.

**WHEREFORE**, Plaintiff prays judgment against Defendant as follows:

1. For his general damages in an amount in excess of $4,000,000;
2. For all expenses for health care providers in an amount in excess of $500,000;
3. For all loss of income past and future in an amount in excess of $3,000,000 according to proof;
4. For maintenance, cure and unearned wages according to proof;
5. For reasonable attorneys' fees and expenses;
6. For punitive damages according to general maritime law;



**BOATLAW, LLP**
23 Bellwether Way, Suite 101
Bellingham, WA 98225
360.671.6711 - Fax 360.647.2943

6. For prejudgment interest according to general maritime law;

7. For Plaintiff's costs of suit incurred herein; and

8. For such other and further relief as this District Court deems just and fair.

DATED this 27th day of March, 2023.

BOATLAW, LLP

*/s/ Nicholas J. Neidzwski*___________
Nicholas Neidzwski, OSB No. 172584
Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff demands trial by jury of all issues in this cause.



**BOATLAW, LLP**
23 Bellwether Way, Suite 101
Bellingham, WA 98225
360.671.6711 - Fax 360.647.2943